UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
LARRY L. MORINIA
dba LBM Trucking
aka Larry Lloyd Morinia and
BRENDA JOYCE MORINIA
fdba More Than Digital,
    Debtors.                                    No. 11-07-12803 SA

**MEMORANDUM OPINION OVERRULING
CREDITORS' OBJECTION TO DEBTORS' AMENDED EXEMPTIONS**

This matter comes before the Court to determine the amount of a homestead exemption that may be claimed under New Mexico law in a bankruptcy proceeding. More specifically, the question is whether a debtor's right to claim a larger state homestead exemption otherwise permitted by an amendment to the homestead exemption statute is limited by virtue of a pre-existing judicial lien on the real property in which the exemption is claimed. The Court concludes that the exemption is not so limited, and therefore the Court holds that each Debtor in this case is entitled to claim a $60,000 homestead exemption.[1]

**Facts**

---

[1] This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), which gives this Court authority to enter a final judgment. This memorandum opinion constitutes the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

The following facts necessary to the determination of Creditors' objection to Debtors' amended claimed exemptions are undisputed:

1. Effective July 1, 1993 N.M. Stat. Ann. § 42-10-9 (1993) was amended to increase the state homestead exemption to $30,000 per joint homestead owner.[2]

2. On October 6, 2005 the Harrises ("Creditors") were awarded a state court judgment against Debtors in the amount of $1,980,580.60 plus accrued interest on October 6, 2005.

3. On October 31, 2005 Creditors recorded their judgment against Debtors' Bernalillo County real property located at 6400 Prairie Dunes NE, Albuquerque, NM 87111.

4. Effective June 15, 2007, N.M. Stat. Ann. § 42-10-9 (2007) was again amended to increase the homestead exemption to $60,000 per person.[3]

---

[2] N.M. Stat. Ann. § 42-10-9 (1993) read:
42-10-9. HOMESTEAD EXEMPTION. Each person shall have exempt a homestead in a dwelling house and land occupied by him or in a dwelling house occupied by him although the dwelling is on land owned by another, provided that the dwelling is owned, leased or being purchased by the person claiming the exemption. Such a person has a homestead of thirty thousand dollars ($30,000) exempt from attachment, execution or foreclosure by a judgment creditor and from any proceeding of receivers or trustees in insolvency proceedings and from executors or administrators in probate. If the homestead is owned jointly by two persons, each joint owner is entitled to an exemption of thirty thousand dollars ($30,000).

[3] The 2007 amendment substituted "the person" for "him" in two places, substituted "sixty" for "thirty" in two places, and
(continued...)

Case 07-12803-s7    Doc 77    Filed 08/13/08    Entered 08/13/08 15:27:45 Page 2 of 10

5. On November 7, 2007 Debtors filed a Chapter 11 voluntary petition. Doc 1.

6. On November 21, 2007 Debtors claimed New Mexico homestead exemptions of $60,000 each, for a total of $120,000, in the equity in their property at 6400 Prairie Dunes NE, Albuquerque, NM 87111. Doc 15.

8. On January 4, 2008 Creditors timely objected to Debtors' claims of a $120,000 homestead exemption, arguing the exemption should be limited to $60,000 total for both of them. Doc 22.[4] Bankruptcy Rule 4003(b)(1).

## Conclusions of Law

An exemption is a "privilege given to a judgment debtor by law, allowing the debtor to retain certain property without liability." Black's Law Dictionary 266 (3rd pocket ed. 2006). Generally exemption statutes are to be liberally construed in favor of the debtor. In re Wells, 132 B.R. 966, 967 (Bankr. D. N.M. 1991)(citation omitted). In creating a comprehensive bankruptcy scheme, Congress allowed the states to "opt out" of the federal exemptions codified in 11 U.S.C. § 522(d). See §

---

[3](...continued)
substituted "($60,000)" for "($30,000)" in two places as compared to the 1993 version of the statute.

[4]Debtors subsequently filed an amended schedule of exemptions, which continued to claim the $120,000 total homestead exemption, doc 33, to which Creditors reiterated their objection. Doc 36.

Page -3-

522(b)(2). New Mexico has not "opted out" of the federal scheme. As a result, bankruptcy debtors in New Mexico have the option to choose between the federal exemptions codified in § 522(d) or the state exemptions incorporated by § 522(b)(3).[5] As a general rule, "[e]xemptions are defined and determined as of the date Debtor filed his petition in bankruptcy." In re Larson, 260 B.R. 174, 197, (Bankr. D. Colo. 2001)(citation omitted); see Owen v. Owen, 500 U.S. 305, 314 n. 6 (1991) and §522(b)(3)(A).

The lien avoidance provisions[6] of the Bankruptcy Code allow a debtor "to avoid the fixing of a judicial lien on an interest of the debtor in property to the extent that such lien impairs an exemption. . . ." § 522(f)(1)(A); In re Pacheco, 342 B.R. 352,

---

[5] § 522(b) reads in relevant part:
    (1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection . . .
    (2) Property listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize.
    (3) Property listed in this paragraph is -
        (A) subject to subsections (o) and (p), any property that is exempt under Federal law . . . or State or local law that is applicable on the date of the filing of the petition . . . .

[6] Debtors have not yet actually filed a lien avoidance motion at this point in the case. Perhaps they await the outcome of this exemption objection proceeding. However, the concepts of exemption and lien avoidance are so entwined in section 522, the Court will proceed as if Debtors are currently pursuing lien avoidance.

Page -4-

Case 07-12803-s7    Doc 77    Filed 08/13/08    Entered 08/13/08 15:27:45 Page 4 of 10

353 (Bankr. D. N.M. 2006).[7] Section 522(f)(2)(A) provides the mechanism to calculate whether a judicial lien impairs an exemption.[8] Transcripts of judgment are a type of judicial lien that is avoidable under § 522(f). In re Gregory Rockhouse Ranch, 380 B.R. 258, 262 (Bankr. D. N.M. 2007).

The text of § 522(f)(1)(a) refers to the impairment of "exemptions to which the debtor would have been entitled under subsection (b)," which includes federal exemptions and state exemptions alike. Owen, 500 U.S. at 313. Bankruptcy law, however, preempts state law in determining what liens may be avoided in bankruptcy. Willis v. Strother (In re Strother), 328 B.R. 818, 821 (10th Cir. B.A.P. 2005) (overriding Oklahoma state law which limited right to claim homestead exemption for a judicial lien arising from work and material used in constructing the home); accord In re Cisneros, 257 B.R. at 338 (whether a lien "impairs" an exemption may be determined in every case by

---

[7] The "mere existence of a judicial lien impairs the homestead exemption because it constitutes a cloud on the title." In re Cisneros, 257 B.R. 332, 339 (Bankr. D.N.M. 2000), quoting from Coats v. Ogg (In re Coats), 232 B.R. 209, 214 n. 8 (10th Cir. B.A.P. 1999).

[8] § 522(f)(2)(A) reads:
For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of-
(i) the lien;
(ii) all other liens on the property; and
(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Page -5-

applying the § 522(f)(2) formula, regardless of the state law limitations on the exemption).

### a. **New Mexico state law limitations on homestead exemptions**

Pursuant to §522(b)(3)(A), the homestead exemption that Debtors could claim is limited to that provided by "State or local law that is applicable on the date of the filing of the petition. . . ." Thus, the statute dictates that the proper amount of the homestead exemption was determined by the law in effect in New Mexico on November 21, 2007.

The New Mexico Supreme Court interpreted the state's homestead exemption in <u>Ranchers State Bank of Belen v. Vega</u>, 99 N.M. 42, 653 P.3d 873 (1982). Under New Mexico law, a money judgment becomes a lien on the judgment debtor's realty when the transcript of judgment docket is filed and recorded with the county clerk of the county in which the realty is situated. N.M. Stat. Ann. 1978, § 39-1-6 (2008); <u>In re Gregory Rockhouse Ranch</u>, 380 B.R. at 262. In <u>Vega</u>, a transcript of judgment was recorded against defendant Vega prior to a legislative increase in the amount of the New Mexico homestead exemption.[9] <u>Id.</u> at 43. The New Mexico Supreme Court held that a legislative increase in the

---

[9] At the time the transcript of judgment was recorded against Vega's property in March 1979, N.M. Stat. Ann. § 42-10-9 allowed for a $10,000 exemption; a few months later an increase in the exemption to $20,000 became effective. The lien was foreclosed by judgment in 1981, and the district court ultimately limited Vega's exemption to $10,000.

amount of the homestead exemption may not be claimed against a judicial lien that attached prior to the effective date of the statutory amendment increasing the exemption. Id. at 44.

The instant case is functionally indistinguishable from Vega. As such, it is clear under existing New Mexico law that Debtors' homestead exemptions would be limited to $30,000 each, as the Creditors recorded their judgment against Debtors' property prior to the legislative increase. However, because bankruptcy law "preempts state law in determining what liens may be avoided in bankruptcy," Strother, 328 B.R. at 821, the inquiry does not stop with this finding.

   **b.   Applying § 522(f)(2)**

"Courts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactment to carry 'their ordinary, contemporary, common meaning.'" Pioneer Inv. Serv. v. Brunswick Assocs., 507 U.S. 380, 388 (1993)(quoting Perrin v. United States, 444 U.S. 37, 42 (1979)). In the absence of an ambiguity, when there is a dispute over the interpretation of the statute, courts should not analyze the legislative history. Zeigler Eng'g Sales, Inc. v. Cozad (In re Cozad), 208 B.R. 495, 498 (10th Cir. BAP 1997).

The Supreme Court determined the threshold question to be "not whether the [judicial] lien impairs an exemption to which the debtor is in fact entitled but whether it impairs an

exemption to which he **would have been** entitled but for the lien itself." Owen, 500 U.S. at 310-11 (emphasis in original) (holding Florida's exclusion of certain liens from the scope of its homestead protection does not achieve a similar exclusion from the Bankruptcy Code's lien avoidance provision). In Owen, the Supreme Court applied § 522(f) in a situation where the relevant state law (a series of judicial decisions) would not have allowed a homestead exemption to be claimed. Id. at 306. The Supreme Court held that a judicial lien on property claimed exempt under a state law may be avoided under § 522(f), even if state law limits the circumstances under which the property may be exempt. In re Coats, 232 B.R. at 209 ("while federal law permits states to define what property is exempt, federal law governs the availability of lien avoidance, and pre-empts any state law that limits the scope of its exemptions in a way that would interfere with the 'fresh start' policy served by the avoidance of certain types of liens under § 522(f)"); accord Aetna Finance Co. v. Leonard (In re Leonard), 866 F.2d 335, 336 (10th Cir. 1989)("[A] state may elect to control what property is exempt under state law but federal law determines the availability of the lien avoidance provision").

Similar to the Florida state law addressed in Owen, in the instant case New Mexico law would not allow the debtors to claim the higher homestead exemption. But Owen holds that §522(f)

Page -8-

overrides state law to permit the voiding of the lien.  <u>Owen</u> is functionally indistinguishable from the instant case.

### Conclusion

No material facts are in issue.  Under New Mexico law applicable on the date of the filing of the bankruptcy petition, Debtors were entitled to a homestead exemption in the amount of $60,000 each pursuant to N.M. Stat. Ann. § 42-10-9 (2007).  The plain language of the federal lien avoidance provision allows for Debtors to claim an exemption which they would have been entitled "if there were no liens on the property."  § 522(f)(2)(a)(iii). The language "denotes a state of affairs that is conceived or hypothetical, rather than actual."  <u>Owen</u>, 500 U.S. at 311. If there were not a transcript of judgement against the 6400 Prairie Dunes property the Debtors **could** rightly claim a $60,000 homestead exemption each pursuant to N.M. Stat. Ann. § 42-10-9 (2007).  Accordingly, Creditors' objection to Debtors claimed exemptions is overruled.  The Court will enter an Order in accordance with this Memorandum Opinion.

                                             Honorable James S. Starzynski
                                             United States Bankruptcy Judge

Date Entered on Docket:  August 13, 2008

copies to:

Arin Elizabeth Berkson
Moore, Berkson & Gandarilla, P.C.
PO Box 216
Albuquerque, NM 87103-0216

George M Moore
Moore, Berkson & Gandarilla
PO Box 216
Albuquerque, NM 87103-0216

Ruth Fuess
Miller Stratvert PA
PO Box 25687
Albuquerque, NM 87125

Brian John Haverly
Miller Stratvert PA
PO Box 25687
Albuquerque, NM 87125

Dylan O'Reilly
Miller Stratvert P.A.
PO Box 869
Farmington, NM 87499-0869

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608