UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
LARRY L. MORINIA
dba LBM Trucking
aka Larry Lloyd Morinia and
BRENDA JOYCE MORINIA
fdba More Than Digital,
    Debtors.                                                       No. 11-07-12803 SA

**MEMORANDUM OPINION ON DEBTORS'**
**MOTION TO AVOID HARRIS LIEN**

This matter is before the Court on the Debtors' Motion to Avoid the lien of Toni and Glynn Harris ("Motion")(doc 85), the Harrises' Response (doc 89), Debtors' Brief in Support (doc 94), the Harrises' Opposition Brief (doc 96), the Harrises' Response Brief (doc 104) and the Debtors' Response Brief (doc 105). Debtors appear through their attorney Moore, Berkson & Gandarilla, P.C. (George M. Moore and Arin E. Berkson). The Harrises appear through their attorney Miller Stratvert P.A. (Ruth Fuess and Brian J. Haverly). This is a core proceeding. 28 U.S.C. § 157(b)(2)(K). The Court has considered the parties' arguments, has taken judicial notice of the bankruptcy file, has considered the applicable authorities, and is ready to rule. For the reasons set forth below, the Motion to Avoid Lien will be denied without prejudice.

**Section 522(f)**

Debtors seek to avoid a judicial lien on their homestead. This procedure is governed by 11 U.S.C. § 522(f), which provides in part:

> (f)(1) Notwithstanding any waiver of exemptions but
> subject to paragraph (3), the debtor may avoid the
> fixing of a lien on an interest of the debtor in
> property to the extent that such lien impairs an
> exemption to which the debtor would have been entitled
> under subsection (b) of this section, if such lien is--
> (A) a judicial lien, other than a judicial lien that
> secures a debt of a kind that is specified in section
> 523(a)(5);
> ...
> (2)(A) For the purposes of this subsection, a lien
> shall be considered to impair an exemption to the
> extent that the sum of--
> > (i) the lien;
> > (ii) all other liens on the property; and
> > (iii) the amount of the exemption that the debtor
> > could claim if there were no liens on the
> > property;
> exceeds the value that the debtor's interest in the
> property would have in the absence of any liens.

This simple mathematical formula is to be applied literally. In re Bowshier, 389 B.R. 542, 546 (Bankr. S.D. Ohio 2008). See also Kolich v. Antioch Laurel Veterinary Hospital (In re Kolich), 328 F.3d 406, 410 (8th Cir. 2003)("[O]ur task is simply to apply § 522(f)(2)(A) as Congress wrote it."); Trahan v. Day Kimball Hospital (In re Trahan), 337 B.R. 448, 451 (Bankr. D. Ct. 2006) (literal application is appropriate). A Court should not adjust the lien avoidance formula as a matter of equity to provide for hypothetical events. Milgard Tempering, Inc. v. Darosa (In re Darosa), 318 B.R. 871, 879 (9th Cir. B.A.P. 2004). Nor should a bankruptcy court order marshaling of assets at the request of a judicial lien holder in order to preserve a lien. In re Pray, 242 B.R. 205, 211 (Bankr. D. Mass. 1999)("Equity does not allow this Court to alter application of the statutory formula to

Case 07-12803-s7    Doc 113    Filed 10/08/09    Entered 10/08/09 15:53:27 Page 2 of 6

preserve a judicial lien and impair the debtor's exemption simply by issuing a marshaling order based on a hypothetical, future sale of assets.") See also Bowshier, 389 B.R. at 548-49 (Court recognizes "unfairness" of refusing to marshal assets, but found that "it is inappropriate to resort to equity in the face of clear statutory language.") And see In re TNT Farms, 226 B.R. 436, 446 (Bankr. D. Id. 1998):

> [T]he Court in disinclined to intervene on an equitable basis where there is a comprehensive statutory system in place dictating priority of the parties' interests. Where the legislature has considered the relative rights of the parties and declared as a matter of policy what the outcome of a priority contest should be, the Court should be, and here is, reluctant to adjust the results solely in the name of equity.

The values to use in the lien avoidance formula are those as of the petition date. In re Salanoa, 263 B.R. 120, 122-23 (Bankr. S.D. Cal. 2001)("Subsection 522(a) specifies that the term 'value' in § 522 means the fair market value <u>as of the date of filing of the petition.</u> ... The Court holds the petition date is the operative date to make all § 522(f) determinations.") (Emphasis in original). See also In re Bradley, 369 B.R. 147, 152 (Bankr. S.D. N.Y. 2007)(must determine market value at the time that the petition was filed.)

The Debtor has the burden of proof to establish that a judicial lien impairs his or her exemption. In re Bozzelli, 227 B.R. 770, 772 (Bankr. E.D. Pa. 1998); Bradley, 369 B.R. at 152.

**Discussion**

Case 07-12803-s7    Doc 113    Filed 10/08/09    Entered 10/08/09 15:53:27 Page 3 of 6

Debtors' Motion states that Debtors own four parcels of real estate in Bernalillo County, New Mexico including their residence. The Court earlier ruled that Debtors were entitled to an exemption of $120,000.00 in their residence (Bankruptcy case, doc 78). The Harrises hold a claim against the Debtors of more than $1,800,000, evidenced by a transcript of judgment filed in the County and therefore creating a lien against all of Debtors' real property in Bernalillo County. In the Motion Debtors claim the residence is worth $500,000.00. On Schedule A Debtors scheduled the residence as worth $1,000,000.00. The Debtors claim that the residence is also subject to these other liens: 1) Bernalillo County Treasurer, statutory lien, $25,670.05; 2) Bank of America, consensual mortgage, $160,910.32; and 3) Internal Revenue Service, statutory lien, $195,779.85. Therefore, Debtors claim that the Harris lien impairs their exemption and they seek its avoidance.

In their objection, the Harrises dispute the value of the residence, dispute the amount of the IRS claim, and claim that the Bank of America mortgage is less now than when the case was filed. The Court agrees that it cannot determine the value of the residence without a trial. The Court also agrees that the amount of the IRS tax lien is probably inaccurate[1]. But, the

---

[1] Even the Debtors acknowledge that the IRS proof of claim, in the amount of $695,841.51 is inaccurate and contains duplicate
(continued...)

Court finds that the decrease in mortgage principal is irrelevant to the motion.

In their Opposition Brief the Harrises also, essentially, argue that assets should be marshaled: <u>e.g.</u>, that the other real estate be sold so IRS can be paid, reducing the IRS claim against the residence. But, as noted above, marshaling[2] is not appropriate in lien avoidance matters.

In summary, the Court cannot apply the "simple mathematical formula" at this point because it lacks accurate values and amounts. The Court will set a preliminary hearing to permit discovery as necessary and then set an evidentiary hearing on the various debts and values, as requested by the Harrisses.

/s/ James S. Starzynski
_____
Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: October 8, 2009

---

[1](...continued)
entries.

[2]However, if the Harrises wish to continue this argument they should establish that the requirements to marshal are met. Specifically, there is no proof that IRS has a lien on a South Carolina property. (See Schedule A in bankruptcy case). The fact that IRS may have a lien does not mean it is perfected without filing. <u>See</u> 26 U.S.C. 6321 (establishing lien for taxes) and 6323(a) and (f) (establishing filing requirements). If IRS has no such lien then the Harrises and IRS would have identical real estate collateral, preventing marshaling.

Copies to:

Arin Elizabeth Berkson
Moore, Berkson & Gandarilla, P.C.
PO Box 216
Albuquerque, NM 87103-0216

George M Moore
Moore, Berkson & Gandarilla
PO Box 216
Albuquerque, NM 87103-0216

Ruth Fuess
Miller Stratvert PA
PO Box 25687
Albuquerque, NM 87125

Brian John Haverly
Miller Stratvert PA
PO Box 25687
Albuquerque, NM 87125

Dylan O'Reilly
Miller Stratvert P.A.
PO Box 869
Farmington, NM 87499-0869

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

Page -6-

Case 07-12803-s7    Doc 113    Filed 10/08/09    Entered 10/08/09 15:53:27 Page 6 of 6